ORIGINAL

1  leilanihocog851

2  LEONARDO M. RAPADAS
   United States Attorney
3  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagåtña, Guam 96910
   Telephone: (671) 472-7332
6  Telecopier: (671) 472-7334

7  Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUL 13 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 06-00016 |
| Plaintiff, ) | |
| vs. ) | 21 U.S.C. § 851 |
| ) | INFORMATION |
| LEILANIE CHRISTINE HOCOG, ) | |
| Defendant. ) | |

## NOTICE OF INTENTION
## TO SEEK ENHANCED PENALTY AGAINST DEFENDANT

Plaintiff United States of America, pursuant to Title 21, United States Code, Section 851, hereby informs the Court and defendant, LEILANIE CHRISTINE HOCOG, of its intention to seek an enhanced penalty in the event she is convicted of the Count alleged in the pending Indictment.

Defendant, LEILANIE CHRISTINE HOCOG, has two (2) prior convictions for felony drug offenses. Specifically, she was convicted on February 2, 2001 of the crime of Possession of a Schedule II Controlled Substance (As a Third Degree Felony), in the Superior Court of Guam, case No. CF579-00 and was convicted on February 2, 2001 of the crime of Possession of a Schedule II Controlled Substance, in the Superior Court of Guam, Case No. CF27-01. These offenses constitute a "prior conviction for a felony drug offense" under Title 21, United States

Code, Section 841(b)(1)(A). Accordingly, the United States intends to pursue the enhanced punishment of life imprisonment in the event the defendant is convicted of the offense of attempted possession with intent to distribute methamphetamine, charged in the pending Indictment. See 21 U.S.C. §841(a)(1) and §846.

RESPECTFULLY SUBMITTED this ___ day of July 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

Approved:

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

RECEIVED
FEB 2 2001
TIME: 9:00AM
INT.
CLERK OF COURT
SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM
2001 FEB 22 AM 10: 03

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>vs.<br><br>LEILANI CHRISTINE HOCOG,<br><br>Defendant. | CRIMINAL CASE NO. **CF27-01**<br>GPD REPORT NO. 01-00437<br>CRIMINAL CASE NO. **CF579-00**<br>GPD Report No. 00-18754<br><br>**JUDGMENT** |

ATTORNEY GENERAL'S OFFICE - PROSECUTION DIVISION
2-200E Judicial Center Building
120 West O'Brien Drive
Hagåtña, Guam 96910
Tel: (671) 475-3406 / Fax: (671) 477-3390

On this 2nd day of February, 2001, came the attorney for the People of Guam, Assistant Attorney General **JOSEPH TOCK**, and the Defendant appeared with **NAOKO G. SHIMIZU, ESQ.**, counsel, and the Defendant having moved to change her plea of NOT GUILTY to that of GUILTY of the offense of **Two Counts** of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, as contained in Criminal Case No. **CF27-01** and **CF579-00**, in violation of 9 GCA 67.401.2(a) and (b)(1), as contained in the Indictment filed in this case.

The Court informed the Defendant of the effect of the plea entered and asked her whether she insists on her plea or not.

The Defendant persisted on her plea of GUILTY to the offense of **Two Counts** of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, as contained in Criminal Case No. **CF27-01** and **CF579-00**. The Court then addressed the Defendant personally and found that the plea is made voluntarily with an understanding

of the nature of the charge and consequences of her plea. The Court further found to its satisfaction that there is a factual basis for the plea.

The Court accepts Defendant's plea of GUILTY and based on her plea, a JUDGMENT of GUILTY is hereby entered. Sentencing is set for the 9th day of March, 2001, at 10:00 a.m. Present at the change of plea were Assistant Attorney General **JOSEPH TOCK** for the People, Defendant and Defendant's counsel, **NAOKO G. SHIMIZU, ESQ.**

**WHEREFORE, IT IS HEREBY ORDERED** that as to the offense of **Two Counts** of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, as contained in Criminal Case No. **CF27-01** and **CF579-00**, the Defendant, **LEILANI CHRISTINE HOCOG**, is hereby sentenced as follows:

1. Defendant shall serve three (3) Years at the Department of Corrections, suspended, with credit for time served.

2. Defendant shall perform One Hundred fifty (150) hours of community service work under the direction of the Alternative Sentencing Office. Defendant shall perform no fewer than five (5) hours of community service work each month, commencing upon the first month following Defendant's guilty plea **or** the first month following Defendant's release from Department of Corrections, whichever is the latter. Defendant shall receive two (2) hours credit towards community service for each hour of counseling she attends;

3. Defendant shall pay a fine in the amount of five thousand

dollars ($5,000), plus court costs, to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA §80.31.1, and shall be paid monthly over the probation period. Defendant shall pay no less than fifty dollars, ($50.00), per month starting the first month following Defendant's guilty plea or the first month following Defendant's release from Department of Corrections, whichever is the latter. If financially unable to pay this fine, said fine may be converted to community service at a rate of $5.15 per hour;

4. Defendant shall enroll and attend a drug rehabilitation program at the Department of Mental Health and Substance Abuse or any other drug rehabilitation program approved by the Superior Court. Defendant shall receive two (2) hours credit towards community service for each hour of counseling she attends; and

5. Defendant shall serve a Special Probation term of five (5) years, which shall commence upon Defendant's guilty plea or release from Department of Corrections whichever is the latter; and

6. That the following conditions of probation shall be imposed:

   A. Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Department of Mental Health and Substance Abuse at no cost to the Defendant. Defendant shall

    diligently report within two (2) weeks **or** seventy-two (72) hours from either her release from the Department of Corrections or her guilty plea whichever is the latter. Defendant shall receive two (2) hours credit towards community service for each hour of counseling she attends;

B. Defendant shall report to the Probation Office once per week or as recommended by that office, in person, and at that time will take a weekly drug test if requested, and failure to take a weekly drug test, if requested, will be considered a violation of probation. Defendant will report to Probation for her initial intake within two working days of her release from the Department of Corrections or her guilty plea, whichever is the latter;

C. Defendant shall perform one hundred fifty (150) hours of community service work under the direction of the Alternative Sentencing Office. Defendant shall perform no fewer than five (5) hours of community service work each month, commencing upon the first month following Defendant's guilty plea **or** the first month following Defendant's release from Department of Corrections, whichever is the latter. Defendant shall receive two (2) hours credit towards community service for each hour of counseling she attends;

D. Defendant stipulates to forfeit any contraband and cash seized to the Guam Police Department for Drug Training, and all other non-contraband personal items will be returned to the Defendant;

E. Defendant shall not associate with any felons known to her as felons;

F. Defendant shall not contact her co-actors, JOHN

  TROY ROJAS and MICHAEL ASARO in Criminal Case No. **CF27-01**, and DAVID CHARLIE GUZMAN and KEITH MICHAEL LEFEVER in Criminal Case No. **CF579-00**;

G. Defendant shall stay away from all firearms and other deadly weapons, and under no circumstances is she to possess, carry, transfer, or use any firearms;

H. Defendant shall forfeit her Guam firearm identification card and shall not reapply for another one;

I. Defendant is to surrender her Passport, if any, to the Probation Office;

J. Defendant shall not leave Guam without the approval of the Court or Probation Office, with prior notice being given to the Office of the Attorney General, Prosecution Division;

K. Defendant shall not possess or consume any illegal controlled substances;

L. Defendant shall submit to random drug testing under the supervision of the Probation Office;

M. Defendant shall permit Probation Officers or Police Officers to search her person, automobile and residence or room where she is residing, for firearms and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation. Defendant and her attorney stipulate that a presumptive positive field test for drugs, including the Roche Cup or On Tract Test Systems, will be considered evidence of a probation violation;

N. Defendant shall make good faith efforts to obtain and maintain legal employment or continue in school;

H:\JUDGMENT\hocog-lc.wpd\jbf

O. Defendant shall obey all the laws of Guam; and

P. Defendant shall abide by any other reasonable conditions imposed by the Court or the Probation Office.

7. Pursuant to the Plea Agreement, the Court hereby dismiss the remaining charge of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony)**, as contained in the Indictment filed in Criminal Case No. **CF27-01** filed herein..

A hearing for **SENTENCING** will be held on the 9th day of March, 2001, at 10:00 a.m.

**SO ORDERED, *NUNC PRO TUNC*,** on the 2nd day of February, 2001, this _____ day of __FEB 1 6 2001__, 2001.

HONORABLE ALBERTO C. LAMORENA, III
PRESIDING JUDGE
SUPERIOR COURT OF GUAM

Submitted by:

JOSEPH TOCK
Assistant Attorney General

Dated: February 5, 2001

Approved as to form:

NAOKO G. SHIMIZU, ESQ.
Attorney for Defendant

Dated: _____

Received for Service
9-07-01
02-23-01
V. Untalan
Marshal, Superior Court
Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUN 0 9 2006

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam