leilanihocogple

LEONARDO M. RAPADAS
United States Attorney
RUSSELL C. STODDARD
First Assistant U.S. Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

AUG - 3 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO.   06-000016 |
| Plaintiff, | |
| vs. | **AMENDED PLEA AGREEMENT** |
| LEILANI CHRISTINE HOCOG, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(C), the United States and the defendant, LEILANI CHRISTINE HOCOG, enter into the following amended plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of an Indictment charging her with Attempted Possession with Intent to Distribute fifty (50) or more grams net weight of methamphetamine hydrochloride (ice) in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2(a) The defendant, LEILANI CHRISTINE HOCOG, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of illegal

- 1 -

ORIGINAL

drug trafficking and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which she is pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 9 of this plea agreement, the United States agrees not to prosecute defendant for any other non-violent offenses

- 2 -

which were committed in the District of Guam or the Northern Mariana Islands (NMI) which defendant reveals to Federal authorities during her cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the NMI.

3(a)  The defendant, LEILANI CHRISTINE HOCOG, understands that based upon the defendant's criminal history, the maximum sentence for Distribution of fifty (50) or more grams net weight of methamphetamine hydrochloride (ice) is a term of life imprisonment, with a mandatory minimum term of twenty (20) years incarceration, an $8,000,000 fine; and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed shall include a term of supervised release of at least five (5) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional three (3) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3(b)  If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the statutory minimum term of incarceration.

3(c)  The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4(a)  The defendant understands that to establish a violation of Attempted Possession with Intent to Distribute fifty (50) or more grams net weight of methamphetamine hydrochloride (ice) as charged pursuant to 21 U.S.C. § 841(a)(1) and 846, the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly and intentionally attempted to possess fifty (50) or more grams net weight of methamphetamine hydrochloride (ice) with intent to distribute;

- 3 -

Second: the defendant took a substantial step towards the commission of the crime; and

Third: the defendant knew it was methamphetamine hydrochloride (ice) or some other prohibited drug.

4(b)   If the United States believes that the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the statutory minimum pursuant to Title 18, United States Code §3553(e), and will, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range, when fixing a sentence for defendant and may, within one year of sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a departure for substantial assistance. Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided substantial assistance which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

(1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any,

- 4 -

reduction in sentence is warranted because of that assistance, rests solely with the District Court.

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1977, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable Guidelines range.

(c) On April 29, 2006, the defendant knowingly and intentionally attempted to receive and deliver 50 grams or more of methamphetamine hydrochloride (ice) which arrived at the Guam Federal Express office. Defendant was searched and six (6) glass pipes (drug paraphernalia) and a cellophane wrapper containing methamphetamine were found in her vehicle.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

6. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting

- 5 -

authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

7. Defendant understands that whether she has completely fulfilled all of the obligations under this agreement shall be determined by the sentencing court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

8. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

9. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. She agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that she has been advised of her rights as set forth

- 6 -

below prior to entering into this plea agreement.  Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a)  The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b)  Her right to be represented by an attorney;

(c)  Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d)  That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e)  This plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, the government stipulates that the statutory minimum sentence in this case is twenty (20) years incarceration, and is the maximum sentence the defendant could receive, subject to any motion for substantial departure in which case the court would then be free to impose any sentence beneath the twenty (20) year minimum regardless of the period of incarceration the government recommends;

(f)  That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

\\
\\
\\
\\
\\
\\
\\

- 7 -

(g)  That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h)  The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: _7/25/06_

LEILANI CHRISTINE HOCOG
Defendant

DATED: _7/25/06_

PETER C. PEREZ
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: _7/26/06_                    By:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: _7.27.06_

RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 8 -